IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ROSENOW, JR., #239 113, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:13-CV-563-WHA |
| | )                [WO] |
| WARDEN DANIELS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on an application for habeas corpus relief filed by Petitioner, a state inmate incarcerated at the Elmore Correctional Facility located in Elmore, Alabama. He files the instant action pursuant to the provisions of 28 U.S.C. § 2241(c)(3). Upon consideration of the petition, the court concludes that the petition is due to be summarily dismissed. *See generally* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

**I. DISCUSSION**

Petitioner files this habeas application alleging that a criminal monetary penalty imposed against him in the amount of $1.972 million is excessive in violation of the Eighth Amendment, violates his right to equal protection, and subjects him to double jeopardy. He further contends that he was never advised formally of the imposition of this monetary judgment and that it was imposed without a hearing in violation of his substantive due

process rights. Petitioner asserts he is being forced to pay the judgment which he cannot afford and that any money deposited to his prison inmate account is taken for payment of the monetary penalty. (*Doc. No. 1*.)

A writ of habeas corpus may issue to a prisoner pursuant to § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. *Thomas v. Crosby,* 371 F.3d 782, 786 (11th Cir. 2004). This section applies to " 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.' " *Id.* (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." *Peoples v. Chatman,* 393 F.3d 1352, 1353 (11th Cir. 2004).

A review of the claims presented in the instant action reflect that the monetary penalty Petitioner seeks to challenge was imposed in conjunction with a state criminal conviction and resulting sixty year prison term. Petitioner's attempt to challenge the imposition of restitution, fines, and/or other monetary penalties associated with a criminal judgment does not, however, invoke the court's habeas jurisdiction and is not cognizable in a habeas proceeding. This is because the central purpose of the writ of habeas corpus, whether filed under § 2241 or § 2254, is to provide a remedy to prisoners who are challenging the "fact or duration" of their physical confinement and are seeking immediate release or an earlier

release.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997).

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of § 22[41(c)(3)], to his custody. While [Petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [Petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty. If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 22[41(c)(3)], and not that his custody is unlawful. That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

*Bailey v. Hill*, 599 F.3d 976, 981 (10th Cir. 2010).

In filing this action, Petitioner does not challenge any aspect of the conviction or sentence under which he is currently incarcerated or the fact or duration of his confinement, but rather, the legality and size of a monetary penalty imposed in conjunction therewith. Imposition of such a penalty "is not enough of a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes." *See Obado v. New Jersey,* 328 F.3d 716, 717 (3rd Cir. 2003); *see also Barnickel v. United States,* 113, F.3d 704, 706 (7th Cir. 1997). Thus, notwithstanding the fact that Petitioner met the "in custody" requirement at the time he filed his petition for habeas relief and remains in custody pursuant to the judgment of a state court at this time, such physical custody alone is insufficient to confer habeas jurisdiction in regard to his claims for relief. In the absence of any challenge to Petitioner's

conviction and sentence, the statutory requirement of the existence of a nexus between the claims presented in the instant action and the unlawfulness of Petitioner's custody is lacking. There is, therefore, no basis for habeas relief and the petition is due to be dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner's application for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 be DISMISSED for failure to state a claim on which habeas corpus relief may be granted.

It is further

ORDERED that on or before **October 15, 2013,** Petitioner may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of October, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE