IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL ROSENOW, JR. #239 113, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:13cv563-WHA |
| | ) | (WO) |
| WARDEN DANIELS, et al., | ) | |
| | ) | |
| Respondents . | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #4) and the Petitioner's Objection (Doc. #5), filed on October 9, 2013.

In his objection, Petitioner reiterates the arguments presented in his petition and complains that the Magistrate Judge did not specifically address the issues presented.  Regardless of the labels he attaches to his argument regarding the imposition of restitution, the fact remains that Petitioner attempts to assert a challenge to the non-custodial portion of his state criminal judgment.  He is not attacking the execution or duration of his sentence, nor the fact of his conviction for which he remains in custody. 28 U.S.C. § 2241(c)(3). Instead, Petitioner is challenging only the restitution aspect of his Alabama conviction.  He, therefore, cannot show entitlement to relief under § 2241. *See Arnaiz v. Warden, Fed. Satellite Low,* 594 F.3d 1326, 1329–30 (11th Cir. 2010) (prisoner cannot use § 2241 to attack only restitution part of sentence); *Stewart v. Fed. Bureau of Prisons,* 378 F. App'x 872, 873 (11th Cir. 2010) (reaffirming that the court lacks jurisdiction to grant habeas relief unless relief affects physical confinement which supplies the necessary custody requirement).

Therefore, after an independent evaluation and *de* novo review, Petitioner's objection is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this case is DISMISSED for failure to state a claim on which habeas corpus relief may be granted.

DONE this 28th day of October, 2013.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE